**DECLARATION OF JASON D. GUINASSO PURSUANT TO LOCAL RULE 7-4**

I, Jason D. Guinasso, hereby declare and state as follows:

1. For over two months, Covid-19 and the Governor's Orders have prevented Plaintiff Calvary Chapel Dayton Valley (the "Church") from holding in-person worship services. The Church has patiently waited for Governor Sisolak to restore its First Amendment freedoms, trusting that the Governor would prioritize constitutional rights and allow churches to resume in-person worship services at the earliest opportunity. But that trust has been shattered.

2. Rather than prioritize religious freedom, the Governor has moved "nonessential" secular businesses and activities to the front of the line and pushed churches towards the back. Currently, in-person worship services of more than 50 people are banned across the state. But no such restriction applies to a host of similarly situated secular businesses and gatherings, including movie theaters, restaurants, bars, bowling alleys, amusement parks, indoor shopping malls, gyms, fitness facilities, museums, art galleries, swimming pools, water parks, aquariums, and casinos, to name just a few.

3. There is no good reason—let alone a constitutional one—for this disparate treatment.

4. Sunday May 31, 2020 is Pentecost Sunday. The celebration of Pentecost commemorates the descent of the Holy Spirit upon the Apostles and other followers of Jesus Christ while they were in Jerusalem celebrating the Feast of Weeks. In the Christian tradition, this Holy Day commemorates the descent of the Holy Spirit on the Apostles and other disciples following the Crucifixion, Resurrection,

and Ascension of Jesus Christ (Acts of the Apostles, chapter 2), and it marks the beginning of the Christian church's mission to the world.

5. Therefore, consistent with sincerely held religious convictions concerning Calvary Chapel Dayton Valley's weekly sacred assembly, Calvary Chapel Dayton Valley plans to resume in-person worship services on Sunday, May 31, 2020, which is the Holy Day of Pentecost Sunday. In this regard, Calvary Chapel Dayton Valley has developed comprehensive social distancing and health and safety protocols to govern those services.

6. A temporary restraining order and injunction are needed to preserve the Church's constitutional rights and allow it to resume worship services consistent with its religious beliefs.

7. Before Covid-19, the Church's two Sunday services could hold up to 200 people each.

8. The Church seeks to hold in-person services at 50% of its sanctuary's capacity while also providing for proper social distancing of at least six feet separation between families and individuals, which would amount to approximately 90 people in a service.

9. In preparation for resuming in-person worship services, the Church has adopted—and will follow—strict social distancing and health and safety protocols as outlined in the supporting Declaration and Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

10. My office address is 500 Damonte Ranch Parkway, Suite 980, Reno, NV 89521.

11. Calvary Chapel Dayton Valley's address is 28 Enterprise Way, Dayton, NV 89403.

12. The Carson City office address for the Office of the Attorney General is: 100 North Carson Street, Carson City, NV 89701.

13. The address for Governor Sisolak is: State Capitol Building, 101 N. Carson Street, Carson City, NV 89701.

14. The address for Stephen Rye, District Attorney for Lyon County is: Old Courthouse, 31 S. Main Street, Yerington, NV 89447.

15. The address for Frank Hunewill, in his official capacity as Sheriff of Lyon County is: 911 Harvey Way #1, Yerington, NV 89447.

16. Pursuant to Local Rule 7-4, I have attempted to meet-and-confer to resolve this dispute by phone and by email to the following individuals:

    a) Gregory Zunino, Deputy Solicitor General with Nevada Office of the Attorney General

    b) Craig Newby, Deputy Solictor General with Nevada Office of the Attorney General

    c) Stephen Rye, District Attorney for Lyon County

17. In my email communications I provided a copy of the Emergency Motion for Temporary Restraining Order and Preliminary Injunction along with the supporting Declaration and Amended Complaint and it was requested that Aaron Ford, Governor Sisolak, and Sheriff Hunewill stipulate to a temporary stay of the Governor's directive.

18. During my phone contact with Craig Newby with Nevada Office of the Attorney General, it was again requested that Aaron Ford and Governor Sisolak stipulate to

a temporary stay of the Governor's directive. Craig Newby stated he did not have authority to stipulate to a stay of the Governor's directive.

19. I attempted to call Stephen Rye and left a message. Stephen Rye has not responded to my phone call, or email, and it is not practicable to wait any longer for his response with Calvary Chapel Dayton Valley's plans to resume in-person worship services on Sunday, May 31, 2020, which is the Holy Day of Pentecost Sunday. Further, Mr. Rye does not have authority to stipulate to the relief the Church is requesting and his client is not otherwise impacted by the issuance of the emergency temporary restraining order.

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 28th day of May 2020, in Reno, Nevada.

Jason D. Guinasso attorney for
Calvary Chapel Dayton Valley