UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CALVARY CHAPEL DAYTON VALLEY,<br><br>Plaintiff,<br>v.<br><br>STEVE SISOLAK, in his official capacity as Governor of Nevada, *et al.*,<br><br>Defendants. | Case No. 3:20-cv-00303-MMD-CLB<br><br>ORDER |

The Court previously denied Plaintiff's request to consider its Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") (ECF Nos. 9, 19)[1] on an emergency basis. (ECF No. 16 ("Order").) As noted in the Order, it is simply unreasonable for Plaintiff to file the Motion around 3:30 p.m. on Thursday, May 28, 2020, asking the Court to enjoin enforcement of state emergency directives imposed in response to COVID-19 to allow Plaintiff to resume in-person worship services by Sunday, May 31, 2020. (*Id.* at 1-2.) Plaintiff seeks reconsideration of the Order, explaining that it had hoped Nevada's Governor would address concerns that Plaintiff's Pastor, along with a group of other religious leaders across the state, had raised with Governor Sisolak.[2] (ECF Nos. 20 at 3-4, 21 at 3-4.) In short, Plaintiff contends that it exercised diligence in trying to resolve its dispute before bringing the Motion, though Plaintiff did not offer any explanation for its delay in the Motion.

The Court declines to consider Plaintiff's explanation. It is not an abuse of discretion to refuse to consider new arguments in a reconsideration motion even though

---

[1] Plaintiff filed the Motion as one document and later corrected its filing to reflect that the Motion encompasses two requests for relief—a temporary restraining order and a preliminary injunction.

[2] The Governor opposes the motion for reconsideration. (ECF No. 22.)

"dire consequences" might result. *See Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985).

Moreover, the Court's Order anticipated and already rejected the reason for waiting to file its Motion that Plaintiff's motion for reconsideration now proffers. The Order specifically noted:

> To the extent Plaintiff was not certain how or when this restriction would be mitigated under the Governor's phased reopening plan, Plaintiff still filed this action on May 22, 2020, and should have—at a minimum—sought the relief sought in the Motion then. Waiting until one business day before Pentecost Sunday to ask for emergency relief is simply unreasonable.

(ECF No. 16 at 2.) Plaintiff's basis for seeking reconsideration is, in gist, that very reason—the uncertainty associated with the Governor's phased approach caused Plaintiff to delay filing the Motion even though Plaintiff filed this action on May 22, 2020. (ECF Nos. 20, 21.) Be that as it may, the fact that Plaintiff waited until one business day before Pentecost Sunday to file the Motion, when Plaintiff challenges restrictions that have been in place for weeks, still put Defendants and the Court in the untenable position of having essentially no time to address the Motion on the merits.

It is therefore ordered that the motion for reconsideration (ECF Nos. 20, 21) is denied.

DATED THIS 29th day of May 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE