**Marquis Aurbach Coffing**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Brian R. Hardy, Esq.
Nevada Bar No. 10068
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
bhardy@maclaw.com
   Attorneys for Defendant Frank Hunewill

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CALVARY CHAPEL DAYTON VALLEY,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE SISOLAK, in his official capacity as Governor of Nevada; AARON FORD, in his official capacity as Attorney General of Nevada; FRANK HUNEWILL, in his official capacity as Sheriff of Lyon County,<br><br>Defendant. | Case Number:<br>3:20-cv-00303-LRH-CLB<br><br>**LIMITED JOINDER OF<br>SHERRIFF FRANK HUNEWILL<br>TO THE OPPOSITION [ECF NO 29]<br>FILED BY THE GOVERNOR AND<br>ATTORNEY GENERAL OF NEVADA** |

Defendant, Frank Hunewill, in his official capacity as Sheriff of Lyon County, (the "Sherriff"), by and through his attorneys of record, the law firm of Marquis Aurbach Coffing, hereby files his Limited Joinder to the Opposition [ECF No. 29] filed by the Governor and Attorney General of Nevada in the above referenced matter. This Opposition is made and based upon the attached Memorandum of Points and Authorities, all pleadings and papers on file herein, and any oral argument allowed at the time of the hearing.

Defendant Frank Hunewill
**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

Issuing blanket edicts over an entire state as diverse as Nevada without taking into account local needs does not seem narrowly tailored. For this reason, each County should

MAC:11779-164 4060589_1 6/2/2020 3:38 PM

be afforded discretion with respect to enforcement. Notably, Lyon County is not a "hotspot" for COVID-19. And, unlike the larger Nevada counties, Lyon County has been able to weather the effects of COVID-19 without a single death. Consequently, while Lyon County law enforcement officers have been diligent in monitoring and assisting in the COVID-19 efforts, enforcement of recommendations from the Centers for Disease Control (the "CDC") and the executive directives of the Governor have not been given priority over any other law enforcement functions. Lyon County law enforcement officers have not and will not be using their limited resources monitoring church attendance and/or parishioners' adherence to social distancing recommendations. Simply put, whether the Plaintiff's services include more than the Governor's recommended number of parishioners or whether such parishioners adhere to the recommended social distancing during the worship services is not a priority of Lyon County law enforcement officials. Lyon County law enforcement officials are optimistic that the residents of the county will reasonably adhere to all CDC guidelines and encourage Lyon County residents to act appropriately to assure they and their neighbors remain safe and healthy. However, if there is a call, complaint or issue reported, then such will be investigated and afforded the appropriate response necessary under the circumstances.

## II.   <u>LEGAL ARGUMENT</u>

The Sherriff files this limited joinder to the Opposition filed by the Governor and Attorney General. Notably, the Sherriff acknowledges that the United States Supreme Court recently issued a determination denying similarly sought injunctive relief for a church challenging California's temporary restrictions on public gatherings in light of COVID-19. *See South Bay United Pentecostal Church, et al. v. Newsom, et al.* Case No. 19A1044, 2020 WL 2813056 (May 29, 2020). *See* State Opposition [ECF No. 29] at Exhibit B.

The Supreme Court in *South Bay United* stated:

> The precise question of when restrictions on particular social activities should be lifted during the pandemic is a dynamic and fact-intensive matter subject to reasonable disagreement. Our Constitution principally entrusts "[t]he

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

safety and the health of the people" to the politically accountable officials of the States "to guard and protect." *Jacobson v. Massachusetts*, 197 U.S. 11, 38 (1905). When those officials "undertake[ ] to act in areas fraught with medical and scientific uncertainties," their latitude "must be especially broad." *Marshall v. United States*, 414 U. S. 417, 427 (1974). Where those broad limits are not exceeded, they should not be subject to second-guessing by an "unelected federal judiciary," which lacks the background, competence, and expertise to assess public health and is not accountable to the people. *See Garcia v. San Antonio Metropolitan Transit Authority*, 469 U. S. 528, 545 (1985).

*Id.*, 2020 WL 2813056 at *2.

The Sheriff affirms that the "question of when restrictions on particular social activities should be lifted during the pandemic ***is a dynamic and fact-intensive matter subject to reasonable disagreement***." *Id.* (emphasis added). And, that such questions of fact may not be best accomplished through general directives. Rather, it is important for the officials entrusted to "to guard and protect" the "safety and health of the people" to act in such areas. *Id.* (citing *Jacobson*, 197 U.S. at 38).

For this reason, each county and their elected officials should be afforded discretion and latitude with respect to the enforcement of such general directives and restrictions. Here, the Sheriff has not and will not be using his limited law enforcement resources to monitor church attendance and/or parishioners' adherence to social distancing recommendations. Rather, the Sherriff is optimistic that his fellow Lyon County residents will reasonably adhere to all CDC guidelines and he encourages Lyon County residents to act appropriately to assure they and their neighbors remain safe and healthy. Nevertheless, if there is a call, complaint or issue reported, then such will be investigated and afforded the appropriate response necessary under the circumstances.

. . .

. . .

. . .

. . .

. . .

MAC:11779-164 4060589_1 6/2/2020 3:38 PM

### III. CONCLUSION

Based upon the foregoing, the Sherriff respectfully requests that this Court follow the directives of the United States Supreme Court and affirms that he will adhere to any orders of this Court resulting therefrom.

Dated this 2nd day of June, 2020.

          MARQUIS AURBACH COFFING

By /s/ Brian R. Hardy, Esq.
    Craig R. Anderson, Esq.
    Nevada Bar No. 6882
    Brian R. Hardy, Esq.
    Nevada Bar No. 10068
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorney(s) for Defendant Frank Hunewill

MAC:11779-164 4060589_1 6/2/2020 3:38 PM

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **LIMITED JOINDER OF SHERRIFF FRANK HUNEWILL TO THE OPPOSITION FILED BY THE GOVERNOR AND ATTORNEY GENERAL OF NEVADA** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 2nd day of June, 2020.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Jason D. Guinasso
500 Damonte Ranch Pkwy, Ste 980
Reno, NV 89521
jguinasso@hutchlegal.com

Craig A. Newby
Office of the Attorney General
100 N. Carson St.
Carson City, NV 89701
*Attorney for Defendant Steve Sisolak and Aaron Ford*

Kristen K. Waggoner
Ryan J. Tucker
Jeremiah Galus
ALLIANCE DEFENDING FREEDOM
15100 N. 90th St.
Scottsdale, AZ 85260
kwaggoner@adflegal.org
rtucker@adflegal.org
jgalus@adflegal.org

David A. Cortman
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE Ste. D-1100
Lawrenceville, GA 30043
dcortman@ADFlegal.og
*pro hac vice fapplication forthcoming*
*Attorneys for Plaintiff Calvary Chapel Dayton Valley*

                                          */s/ Michelle Monkarsh*
                                          an employee of Marquis Aurbach Coffing

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816