**Marquis Aurbach Coffing**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Brian R. Hardy, Esq.
Nevada Bar No. 10068
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
bhardy@maclaw.com
  Attorneys for Defendant Frank Hunewill

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CALVARY CHAPEL DAYTON VALLEY,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE SISOLAK, in his official capacity as Governor of Nevada; AARON FORD, in his official capacity as Attorney General of Nevada; FRANK HUNEWILL, in his official capacity as Sheriff of Lyon County,<br><br>Defendant. | Case Number:<br>3:20-cv-00303-LRH-CLB<br><br>**DEFENDANT FRANK HUNEWILL'S LIMITED OPPOSITION TO PLAINTIFF'S EX PARTE MOTION AND MEMORANDUM IN SUPPORT FOR AN INJUNCTION PENDING APPEAL** |

Defendant, Frank Hunewill, in his official capacity as Sheriff of Lyon County, (the "Sherriff"), by and through his attorneys of record, the law firm of Marquis Aurbach Coffing, hereby files his Limited Opposition to Plaintiff's Ex Parte Motion and Memorandum in Support for an Injunction Pending Appeal [ECF No. 47] filed in the above referenced matter. This Opposition is made and based upon the attached Memorandum of Points and Authorities, all pleadings and papers on file herein, and any oral argument allowed at the time of the hearing.

MAC:11779-164 4072206_1 6/17/2020 1:59 PM

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

On June 9, 2020, this Court conducted a hearing on Plaintiff's motions for a temporary restraining order and preliminary injunction filed on May 28 and May 29, 2020. *See* ECF Nos. 9, 19.  After considering all pleadings, papers and evidence on file and the arguments of the parties, the Court issued its Order denying both motions.  *See* ECF No. 43. Plaintiff's acknowledge the same standard applies to an injunction pending appeal as applied to is prior motion and proffer no new evidence or arguments in favor of its position. *See* ECF No. 47 at 2:5-8.  Rather, Plaintiff acknowledges that its pending motion is nothing more than the exhaustion of procedural hurdle on its way to the Ninth Circuit. *Id.* at 3:3-10. Given the foregoing, there is nothing new or novel that can or should change this Court's Order.

**II.     LEGAL ARGUMENT**

In evaluating a motion for an injunction pending appeal, the court considers whether the moving party has demonstrated that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Feldman v. Ariz. Sec'y of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) ("The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction.").

Given this Court denied Plaintiff's request for a preliminary injunction, it must first pursue an injunction pending appeal here before it may request one on an emergency basis from the Ninth Circuit. *See* Fed. R. App. P. 8(a)(1)(C); Ninth Circuit Rule 27-3(c)(v). As such, the Sherriff incorporates his legal arguments from his prior submission in opposition to Plaintiff's request for a preliminary injunction. *See* ECF No. 32. In sum, and without waiving any specific arguments made therein or at the hearing in this matter, the Sherriff

MAC:11779-164 4072206_1 6/17/2020 1:59 PM

1 acknowledges that the United States Supreme Court recently issued a determination denying

2 similarly sought injunctive relief for a church challenging California's temporary restrictions

3 on public gatherings in light of COVID-19 wherein it stated:

> The precise question of when restrictions on particular social activities should be lifted during the pandemic is a dynamic and fact-intensive matter subject to reasonable disagreement. Our Constitution principally entrusts "[t]he safety and the health of the people" to the politically accountable officials of the States "to guard and protect." *Jacobson v. Massachusetts*, 197 U.S. 11, 38 (1905). When those officials "undertake[ ] to act in areas fraught with medical and scientific uncertainties," their latitude "must be especially broad." *Marshall v. United States*, 414 U. S. 417, 427 (1974). Where those broad limits are not exceeded, they should not be subject to second-guessing by an "unelected federal judiciary," which lacks the background, competence, and expertise to assess public health and is not accountable to the people. See *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U. S. 528, 545 (1985).

*See South Bay United Pentecostal Church, et al. v. Newsom, et al.* Case No. 19A1044, 2020 WL 2813056 at *2 (May 29, 2020).  Further, the Sheriff affirms that the "question of when restrictions on particular social activities should be lifted during the pandemic ***is a dynamic and fact-intensive matter subject to reasonable disagreement***." *Id.* (emphasis added).  Such questions of fact may not be best accomplished through general directives.  Rather, it is important for the officials entrusted to "to guard and protect" the "safety and health of the people" to act in such areas.  *Id.* (citing *Jacobson*, 197 U.S. at 38).

Here, each county and their elected officials should be afforded discretion and latitude with respect to the enforcement of all such restrictions. Here, the Sheriff has not and will not be using his limited law enforcement resources to monitor church attendance and/or parishioners' adherence to social distancing recommendations.  Rather, the Sherriff is optimistic that his fellow Lyon County residents will reasonably adhere to all CDC guidelines and he encourages Lyon County residents to act appropriately to assure they and their neighbors remain safe and healthy.  Nevertheless, if there is a call, complaint or issue reported, then such will be investigated and afforded the appropriate response necessary under the circumstances.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## III. CONCLUSION

Given the lack of any new arguments, evidence or changes in the state of the law, this Court should deny Plaintiff's Motion so that it can exhaust this procedural hurdle on its way to the Ninth Circuit.

Dated this 17th day of June, 2020.

                        MARQUIS AURBACH COFFING

By /s/ Brian R. Hardy, Esq.
    Craig R. Anderson, Esq.
    Nevada Bar No. 6882
    Brian R. Hardy, Esq.
    Nevada Bar No. 10068
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorney(s) for Defendant Frank Hunewill

MAC:11779-164 4072206_1 6/17/2020 1:59 PM

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT FRANK HUNEWILL'S LIMITED OPPOSITION TO PLAINTIFF'S EX PARTE MOTION AND MEMORANDUM IN SUPPORT FOR AN INJUNCTION PENDING APPEAL** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 17th day of June, 2020.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Jason D. Guinasso
500 Damonte Ranch Pkwy, Ste 980
Reno, NV 89521
jguinasso@hutchlegal.com

Craig A. Newby
Office of the Attorney General
100 N. Carson St.
Carson City, NV 89701
*Attorney for Defendant Steve Sisolak and Aaron Ford*

Kristen K. Waggoner
Ryan J. Tucker
Jeremiah Galus
ALLIANCE DEFENDING FREEDOM
15100 N. 90th St.
Scottsdale, AZ 85260
kwaggoner@adflegal.org
rtucker@adflegal.org
jgalus@adflegal.org

David A. Cortman
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE Ste. D-1100
Lawrenceville, GA 30043
dcortman@ADFlegal.og
*pro hac vice fapplication forthcoming*
*Attorneys for Plaintiff Calvary Chapel Dayton Valley*

                                                    */s/ Michelle Monkarsh*
                                                    an employee of Marquis Aurbach Coffing

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816