AARON D. FORD
　Attorney General
CRAIG A. NEWBY (Bar No. 8591)
　Deputy Solicitor General
State of Nevada
Office of the Attorney General
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101
(702) 486-3420 (phone)
(702) 486-3768 (fax)
Email: CNewby@ag.nv.gov

*Attorneys for State Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CALVARY CHAPEL DAYTON VALLEY<br><br>Plaintiff,<br><br>vs.<br><br>STEVE SISOLAK, in his official capacity as Governor of Nevada, et al.,<br><br>Defendants. | Case No. 3:20-cv-00303-RFB-VCF<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF AN INJUNCTION PENDING APPEAL** |

　　Pursuant to this Court's minute order (ECF No. 48), Defendants Steve Sisolak, in his official capacity as the Governor of Nevada and Aaron D. Ford, in his official capacity as Attorney General of Nevada (collectively "Defendants") hereby submit the following opposition to Plaintiff Calvary Chapel Dayton Valley's ("Plaintiff" or "Calvary") June 15, 2020 "Motion and Memorandum in Support of an Injunction Pending Appeal" (the "Motion"). ECF No. 47.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This response is made and based upon all matters of record herein, the Memorandum of Points and Authorities submitted herewith, and upon such oral arguments as the court may allow at the time of hearing of this matter

DATED this 17th day of June, 2020.

>AARON D. FORD
>Attorney General
>
>By: /s/ Craig A. Newby
>    CRAIG A. NEWBY (Bar No. 8591)
>    Deputy Solicitor General
>    State of Nevada
>    Office of the Attorney General
>    555 E. Washington Avenue, Suite 3900
>    Las Vegas, NV 89101

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This court previously denied Calvary's motion for a preliminary injunction, following full briefing and argument.[1]  ECF No. 46.  Nothing set forth in this motion warrants this court changing its earlier order denying injunctive relief.

## II. STANDARD OF REVIEW

Ordinarily, the filing of a notice of appeal divests a district court of jurisdiction over the matters being appealed.  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).  Federal Rule of Civil Procedure 62(c) codifies an exception to this basic principle: it allows a district court to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" while an appeal is pending. Fed. R. Civ. P. 62; *Nat. Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (recognizing that a district court "retains jurisdiction during the pendency of an appeal to act to preserve the status quo").

"Rule 62(c) does not restore jurisdiction to the district court to adjudicate anew the merits of the case," and the "district court's exercise of jurisdiction should not *materially alter the status of the case on appeal.*"  *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (emphasis added).  District courts consider four factors in ruling on Rule 62(c) motions: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).[2]

---

[1] Defendants incorporate by reference their prior briefing on the original motion.

[2] Similarly, this court's determination is entitled to deference by the Ninth Circuit, which reviews a district court's decision denying a request for a preliminary injunction for abuse of discretion. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 468 (9th Cir.2010). "A district court abuses its discretion if in denying [such] a request ... it bases its decision on an erroneous legal standard or clearly erroneous findings of fact." *Id.* Thus, the Ninth Circuit's review is "limited and deferential." *Id.*

Here, for the reasons set forth by this court in its order denying Calvary's motion for preliminary injunction, Calvary will not be able to meet this standard for obtaining an injunction pending appeal.

### III.   LEGAL ANALYSIS

*First*, Calvary has not made a showing that they are likely to succeed on the merits, much less a *strong showing* that they are likely to succeed on the merits.  As set forth in the court's order, Nevada's emergency directives are neutral and generally applicable, such that they do not burden Calvary's First Amendment right to free exercise.  ECF No. 43 at 8:1. Certain secular activities comparable to in-person church services are subject to more stringent restrictions, such that there is not an attempt to specifically target places of worship.  *Id.* at 7:17-24.  There is no evidence in this record indicating selective enforcement of Nevada's emergency directives against Calvary specifically or houses of worship more generally.

*Second*, Calvary seeks to materially alter the status of the case on appeal by obtaining an injunction, in contradiction to the *Mayweathers* standard.  Calvary has the right to appeal this court's order, subject to the appropriate standard of review.  However, it does not have the right to alter the status quo, which remains that the Nevada emergency directives are valid and enforceable during this public health emergency.

*Third*, Calvary, given it cannot demonstrate a strong likelihood of success on the merits, cannot show that it has suffered irreparable harm.  As noted in prior briefing, Calvary is already allowed to conduct in-person church services for up to 50 people a service, while continuing virtual services.  Simply doubling the number of existing church services would allow Calvary to conduct in-person church services for its entire congregation.  Particularly where these mass gathering requirements are generally applicable, there is no factual basis for concluding that Calvary has or will suffer irreparable harm.

*Fourth*, granting the injunction will substantially injure Nevada and its citizens during this public health emergency.  Here, Calvary presumes it should be treated the same

as a business operating in commerce, ignoring the difference between commerce and mass gatherings for purposes of COVID-19 risk.  The Supreme Court and the Ninth Circuit have rejected ignoring these differences.  In contrast, the Governor has an obligation to protect Nevadans' health and well-being, based on the risk during a once-a-century pandemic. Consistent with White House guidelines for mass gatherings, the Governor has implemented directives to slowly reopen Nevada to ensure the curve stays flat and that there is not a need to revert back to earlier phases that required further sacrifices from all Nevadans to remain safe.

Under such circumstances, the public interest and the harms to Nevada weigh against awarding Calvary injunctive relief.

**IV.   CONCLUSION**

Calvary's motion for injunction pending appeal should be summarily denied.

Dated: June 17th, 2020.

AARON D. FORD
Attorney General

By: /s/ Craig A. Newby
　　CRAIG A. NEWBY (Bar No. 8591)
　　Deputy Solicitor General
　　State of Nevada
　　Office of the Attorney General
　　555 E. Washington Avenue, Suite 3900
　　Las Vegas, NV  89101

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on this 17th day of June, 2020, I electronically filed the foregoing document, **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF AN INJUNCTION PENDING APPEAL**, with the Clerk of the Court by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *Kristalei Wolfe*
Kristalei Wolfe
State of Nevada,
Office of the Attorney General