Jason D. Guinasso (SBN# 8478)
500 Damonte Ranch Pkwy, Suite 980
Reno, NV 89521
Telephone: (775) 853-8746
jguinasso@hutchlegal.com

Kristen K. Waggoner (AZ Bar 032382)*
Ryan J. Tucker (AZ Bar 034382)*
Jeremiah Galus (AZ Bar 030469)*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
kwaggoner@adflegal.org
rtucker@adflegal.org
jgalus@adflegal.org

David A. Cortman (GA Bar 188810)*
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Ste. D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
dcortman@adflegal.org

*Admitted pro hac vice

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CALVARY CHAPEL DAYTON VALLEY,<br><br>   *Plaintiff*,<br><br>v.<br><br>STEVE SISOLAK, in his official capacity as Governor of Nevada; AARON FORD, in his official capacity as Attorney General of Nevada; FRANK HUNEWILL, in his official capacity as Sheriff of Lyon County,<br><br>   *Defendants*. | Case No.: 3:20-cv-00303-RFB-VCF<br><br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE MOTION AND MEMORANDUM IN SUPPORT FOR AN INJUNCTION PENDING APPEAL** |

## INTRODUCTION

Plaintiff Calvary Chapel Dayton Valley submits this reply to Defendants Sisolak and Ford's opposition, ECF No. 52, and Defendant Hunewill's limited opposition, ECF No. 51, to the Church's Ex Parte Motion and Memorandum in Support For an Injunction Pending Appeal, ECF No. 47, under Local Rule 7-2(b). Now that briefing on the Church's motion is complete, Calvary Chapel requests that this Court rule swiftly on its motion without scheduling oral argument. Time is of the essence: each day Nevada burdens Calvary Chapel's First Amendment rights causes irreparable harm. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

## ARGUMENT

Defendants Sisolak and Ford contend that this Court should deny Calvary Chapel's motion for an injunction pending appeal under Federal Rule of Civil Procedure 62(d) because granting the motion would "alter the status quo" or "materially alter the status of the case on appeal." State Def.'s Opp. to Pl.'s Mot. & Mem. in Supp. of an Inj. Pending Appeal 4. Yet the one case they cite addresses whether a district court can modify a previously-granted, merits injunction that is the subject of an existing appeal. *E.g.*, *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) ("Appellants challenge the district court's jurisdiction to grant a second injunction pending an interlocutory appeal of the first."); *id.* (discussing *Natural Res. Def. Council Inc. v. Sw. Marine Inc.*, 242 F.3d 1163 (9th Cir. 2001), where the court granted a merits injunction, stayed its key enforcement provisions for an appeal, and then lifted the stay and modified the injunction's enforcement provisions while the appeal was ongoing).

When it comes to the grant of an injunction *on the merits* that is the *subject of an existing appeal*, it makes sense to allow modifications only to preserve the status quo and to bar changes that would alter the appeal's status. District courts could otherwise moot cases after a notice of appeal was filed and deprive appellate courts

of a chance to rule. But those concerns are not present when a district court denies a merits injunction and a party seeks only temporary relief that spans the gap between a notice of appeal and an appellate-court ruling. Even if the district court grants temporary relief, the denial of injunctive relief *on the merits* and the order that is the *subject of an existing appeal* stay the same. So the issues in *Mayweathers* and this case are entirely different.

Defendants Sisolak and Ford do not cite a single opinion in which the district court denied a merits injunction and a party sought an injunction pending appeal from the district court. But those rulings exist and not one of them questions the court's "jurisdiction." State Def.'s Opp. 3 (cleaned up); *e.g.*, *S. Bay United Pentecostal Church v. Newsom*, No. 20-cv-865, 2020 WL 2529620, at *1 (S.D. Cal. May 18, 2020) (denying an injunction pending appeal for the "same reasons stated on the record at the telephonic [merits] hearing"); *Andrews v. Countrywide Bank*, No. 15-cv-0428, 2015 WL 1599662, at *2 (W.D. Wash. Apr. 9, 2015) (denying an injunction pending appeal because the case did not involve "difficult legal questions [or] any novel interpretations of the law").

In fact, district courts sometimes grant temporary injunctive relief even when they have denied an injunction on the merits. *E.g.*, *Am. Beverage Ass'n v. City & Cty. of S.F.*, No. 15-cv-3415, 2016 WL 9184999, at *2 (N.D. Cal. June 7, 2016) (granting an injunction pending appeal because "there is at least a close question as to whether Plaintiffs have raised serious questions on the merits"). They do so because a case involves "difficult legal questions" or novel applications of the law. *Andrews*, 2015 WL 1599662, at *2. And, if nothing else, Calvary Chapel has established that this case involves difficult constitutional issues and new legal interpretations, which alone justifies an injunction pending appeal. *Id.*

Because the rest of Defendants' briefing simply rehashes old arguments, Calvary Chapel simply notes that this Court should reject them for the reasons

2

stated in its prior briefs: the foremost being that gatherings for commercial activity cannot be treated better than gatherings for religious activity.

## CONCLUSION

For these reasons, Calvary Chapel merits an injunction pending appeal that allows it to meet at 50% of fire-code-capacity in keeping with social distancing and the Church's comprehensive health and safety plan. But whatever this Court rules, Calvary Chapel implores it to do so quickly so that the Church can take whatever steps are necessary to defend its First Amendment rights. Nevada's broad limits on "religious services, together with its haven for numerous secular exceptions, cannot co-exist with a society that places religious freedom in a place of honor in the Bill of Rights; the First Amendment." *Roberts v. Neace*, 958 F.3d 409, 416 (6th Cir. 2020).

Submitted this 18th day of June, 2020.

/s/ Ryan J. Tucker

| | |
|---|---|
| Kristen K. Waggoner (AZ Bar 032382)* | Jason D. Guinasso (SBN# 8478) |
| Ryan J. Tucker (AZ Bar 034382)* | 500 Damonte Ranch Pkwy, Suite 980 |
| Jeremiah Galus (AZ Bar 030469)* | Reno, NV 89521 |
| ALLIANCE DEFENDING FREEDOM | Telephone: (775) 853-8746 |
| 15100 N. 90th Street | jguinasso@hutchlegal.com |
| Scottsdale, AZ  85260 | |
| Telephone: (480) 444-0020 | |
| kwaggoner@adflegal.org | |
| rtucker@adflegal.org | |
| jgalus@adflegal.org | |

David A. Cortman (GA Bar 188810)*
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Rd. NE
Ste. D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
dcortman@ADFlegal.org

*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2020, I caused the foregoing to be filed with the Clerk of the Court using the ECF system, which will provide electronic copies to counsel of record.

/s/ Ryan J. Tucker
Ryan J. Tucker (AZ Bar 034382)*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ  85260
Telephone: (480) 444-0020
rtucker@adflegal.org
*Admitted pro hac vice