# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CALVARY CHAPEL DAYTON VALLEY, | Case No. 3:20-cv-00303-RFB-VCF |
| Plaintiff(s), | **ORDER** |
| v. | |
| STEVE SISOLAK, in his official capacity as Governor of Nevada; AARON FORD, in his official capacity as Attorney General of Nevada; and FRANK HUNEWILL, in his official capacity as Sheriff of Lyon County, | |
| Defendant(s). | |

Plaintiff Calvary Chapel Dayton Valley moves this Court to stay the effect of its June 11, 2020 Order denying Plaintiff's Emergency Motions for a Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Appellate Procedure 8(a)(1) and Federal Rule of Civil Procedure 62(d). Fed. R. App. P. 8(a)(1); Fed. R. Civ. P. 62(d). Plaintiff has appealed the Court's Order, but also requests that the Court reconsider its prior denial of the Motion and issue an injunction. Ordinarily, "[w]hen a notice of appeal is filed, jurisdiction over the matters being appealed . . . transfers from the district court to the appeals court." Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001). Rule 62(d) however, provides an exception that allows parties who wish to stay or otherwise modify the effect of an injunction that is being appealed to move the district court to stay the effect of the judgment or order pending that appeal. Fed. R. Civ. P. 62(d); Mayweathers, 258 F.3d at 935.

The issuance of a stay is "an exercise of discretion" and not a "matter of right." Nken v. Holder, 556 U.S. 418, 433 – 34 (2009). "The party requesting the stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 434. In considering whether to grant a stay, the Court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. The first two factors are the most critical. Id.

The Court first notes that Plaintiff's motion should actually be construed as a motion for reconsideration. As the Court has not issued an injunction or otherwise ordered any particular action by any party, there is no conduct or action to be 'stayed.' And, as an appeal has been filed, it would not be appropriate for the Court to reconsider its order after the filing of the appeal, which divests this Court of jurisdiction. See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.")(internal citations omitted).

However, even applying the stay analysis standard, the Court nevertheless denies Plaintiff's motion because Plaintiff has not demonstrated a strong showing of a likelihood of success on the merits of its claims. As the Court determined in its June 11, 2020 Order, Plaintiff has failed to demonstrate that the Emergency Directive with which it takes issue violates Plaintiff's First Amendment rights. Rather than repeat in detail that reasoning here, the Court simply incorporates by reference its June 11, 2020. Order Dated June 11, 2020, ECF No. 43, 4 – 9.

Moreover, the Court takes judicial notice[1] of recent developments and makes additional findings that further indicate that Plaintiff cannot demonstrate a strong showing of likelihood of success on the merits. First, much of Plaintiff's argument has focused on Defendants' treatment of casinos, which Plaintiff argues are not subject to the fifty-person cap, in an example of preferential treatment given to secular spaces over religious ones. But, as the Court stated in its prior Order, the regulatory regime to which casinos are subject is much more intrusive and expansive—and subject to sudden modification—than the regulatory regime applied to places of worship. To this point, just two days ago, on June 17, 2020, the Nevada Gaming Control Board issued Notice # 2020-43, which, among other changes, now requires *all patrons of casinos to wear face coverings at table and card games* if there is no barrier, partition, or shield between the dealer and each player or other person within six feet of the table. See Updated Health and Safety Policies for Reopening After Temporary Closure, Nevada Gaming Control Board, https://gaming.nv.gov/modules/showdocument.aspx?documentid=16837 (last accessed June 18, 2020). This updated regulation will result in a substantial number of patrons at gaming establishments having to wear face coverings while in the common gaming area of such establishments. The Governor did not modify his prior Emergency Directive to require face coverings for individuals who go to places of worship and participate in religious services. Thus, the Court finds that casinos are now subject to some more severe restrictions on their activities than are places of worship. Moreover, the Court reiterates the point that the Court made in its prior Order—that "while Calvary focuses on the fifty-person cap, it fails to consider the totality of restrictions placed upon casinos [and other entities] in [its] comparative analysis." Order Dated

---

[1] See Fed. R. Evid. 201(b); (d) (court may, at any stage of the proceeding, judicially notice facts not subject to reasonable dispute if those facts are not subject to reasonable dispute and from sources whose accuracy cannot reasonably be questioned).

June 11, 2020, ECF No. 43, at 7. That the Nevada Gaming Control Board suddenly changed its regulations is also another example of the dynamic nature of public health regulations during this time period and the need for the Court to exercise restraint. The Court emphasizes that the Emergency Directive must be considered in light of the various measures it imposes and all the various social activities that it covers.

The Court also takes judicial notice of the fact that Nevada just yesterday experienced a record-breaking day of increased viral infections. See Mike Brunker, <u>Nevada Adds 410 New COVID-19 Cases, Clark County More Than 300</u>,( June 19, 2020, 8:22 AM) https://www.reviewjournal.com/news/politics-and-government/clark-county/nevada-adds-410-new-covid-19-cases-clark-county-more-than-300-2056621/ (last accessed June 19, 2020). As the Court previously found and continues to find, Plaintiff's requested relief would require the Court to engage in potentially daily or weekly decisions about public health measures that have traditionally been left to state officials and state agencies with expertise in this area. The Plaintiff asks to the Court to intercede as to one measure, yet this one measure is part of a whole scheme of regulations imposed and monitored by state officials. The Court does not find a basis to do so at this point. <u>See</u> <u>generally</u>, <u>Armstrong v. Davis</u>, 275 F.3d 849, 872 (9th Cir. 2001)(noting that courts should be cautious about imposing injunctive relief that requires the "continuous supervision" of state officials) <u>abrogated on other grounds by</u> <u>Johnson v. California</u>, 543 U.S. 499 (2005).

Additionally, the recent update in the regulations regarding casinos also undercuts Plaintiff's as-applied challenge. No similar additional regulations have been placed on places of worship. It is difficult to establish a pattern of selective enforcement directed towards places of worship when new, more restrictive measures have been imposed against secular activities and no similar restrictions were imposed on religious activities.

The Court further does not find that Plaintiff has established irreparable injury if the stay is not granted. Although a constitutional violation is an irreparable injury, Plaintiff has not demonstrated that its constitutional rights have been violated. Furthermore, as the Court already discussed in its prior Order, Plaintiff has submitted no evidence of enforcement of the ordinance against it with regard to its as-applied challenge.

Finally, the Court finds that the public interest and the harm to the opposing party weigh in favor of allowing the Court's order to proceed. There is a strong public interest in Defendants enforcing their regulations regarding the COVID-19 pandemic, and absent a showing that doing so violates a person's rights, Defendants should be allowed to proceed unimpeded.

For all of the reasons stated,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for An Injunction (ECF No. 47) is DENIED.

DATED: June 19, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**