AARON D. FORD
  Attorney General
CRAIG A. NEWBY (Bar No. 8591)
  Deputy Solicitor General
State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
(775) 684-1100 (phone)
(775) 684-1108 (fax)
Email: CNewby@ag.nv.gov

*Attorneys for State Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CALVARY CHAPEL DAYTON VALLEY<br><br>Plaintiff,<br>vs.<br><br>STEVE SISOLAK, in his official capacity as Governor of Nevada, et al.,<br><br>Defendants. | Case No. 3:20-cv-00303-RFB-VCF<br><br>**CONSENT DECREE** |

## I. INTRODUCTION AND BACKGROUND

On March 12, 2020, the Governor of the State of Nevada issued an Emergency Declaration in response to the novel coronavirus that causes COVID-19. *See* Governor Steve Sisolak, Declaration of Emergency for COVID-19, https://bit.ly/3jnk6CR. The Emergency Declaration remains in effect until the Governor issues an order declaring an end to the emergency. Pursuant to the Emergency Declaration, the Governor issued Emergency Directive 021 on May 29, 2020. *See* Governor Steve Sisolak, Declaration of Emergency Directive 021 – Phase Two Reopening Plan, https://bit.ly/2MOoYoj. The Directive and related official guidance imposed a 50-person attendance limit on indoor services in houses of worship.

Calvary Chapel Dayton Valley ("the Church") brought this action under 42 U.S.C. § 1983 against the Governor and the Attorney General of Nevada (collectively "Nevada" or

"the State") and the Sheriff of Lyon County, each in his official capacity. The Church alleged in its Amended Complaint that the 50-person attendance limit under Directive 021 and related official State guidance violated the Free Exercise, Speech, and Assembly Clauses of the First Amendment. *See generally* ECF 8. The church requested preliminary and permanent injunctive relief prohibiting the Defendants from enforcing that limit on indoor worship services and a judgment declaring the limit was unconstitutional, both facially and as-applied. *Id.*; ECF 19 (motion for preliminary injunction). This Court denied the Church's Motion for Preliminary Injunction, relying largely on *South Bay United Pentecostal Church v. Newsom*, ––– U.S. –––, 140 S. Ct. 1613, 207 L.Ed.2d 154 (2020) (mem.), and the Church appealed. *See Calvary Chapel Dayton Valley v. Sisolak*, 2020 WL 4260438 (D. Nev. June 11, 2020).

The Ninth Circuit held that the Church demonstrated a likelihood of success on the merits of its free-exercise claim, based on *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67, 208 L. Ed. 2d 206 (2020), that the Church established any enforcement of the 50-person attendance limit would cause irreparable harm, and that an injunction was in the public interest. *Calvary Chapel Dayton Valley v. Sisolak*, 982 F.3d 1228, 1234 (9th Cir. 2020), *cert. denied*, No. 20-639 (U.S. Jan. 25, 2021). Accordingly, the court of appeals reversed, instructed this Court to employ strict scrutiny to its review of Directive 021, and preliminarily enjoined the State from imposing attendance limits on indoor religious gatherings that are less favorable than 25% of the listed fire code capacity. *Id.* The 25% attendance limit is the same limit that, under Emergency Directive 035, Nevada has imposed on certain commercial entities, including "casinos; bowling alleys, arcades, miniature golf facilities, amusement parks, and theme parks; restaurants, food establishments, breweries, distilleries, and wineries; museums, art galleries, zoos, and aquariums; and gyms, fitness facilities, and fitness studios." *Id.* at 1230 n.1; *see* Governor Steve Sisolak, Declaration of Emergency for Directive 035, https://bit.ly/36B5vhD. The State has subsequently increased the attendance limit to 50% for all applicable entities, including houses of worship. *See* Governor Steve Sisolak, Declaration of Emergency for

Directive 037. The State intends to delegate attendance limits to Nevada counties upon approval of local plans. *See* Governor State Sisolak, Declaration of Emergency for Directive 041.

The parties have agreed to enter into this Consent Decree to resolve this matter without further contested litigation. The parties agree that this Consent Decree resolves all issues raised in the Church's Amended Complaint (ECF 8) and Motion for Preliminary Injunction (ECF 19) and is final and binding on the parties and their officials, agents, employees, and successors.

## II.    SETTLEMENT OF CLAIMS

This Consent Decree is intended to resolve all claims by Calvary Chapel in its Amended Complaint.

## III.    INJUNCTIVE AND PROSPECTIVE RELIEF

Nevada is permanently enjoined from:

1. Enforcing Directive 021's and Directive 035's numerical capacity limits on indoor religious gatherings; and

2. Enforcing a percentage capacity limit on indoor religious gatherings that is less favorable than the highest of the percentage capacity limits imposed on indoor: (a) casinos; (b) entertainment venues (*e.g.*, movie theaters, bowling alleys, arcades, amusement parks, and theme parks); (c) food and spirits establishments (*e.g.*, restaurants, breweries, distilleries, wineries, and bars); (d) museums, art galleries, zoos, and aquariums; and (e) gyms, fitness facilities, and fitness studios.

## IV.    DEFINITIONS

"Numerical capacity limit" means a fixed maximum number of persons (*e.g.*, "the occupancy shall not exceed 50 persons").

"Percentage capacity limit" means a maximum number of persons expressed as a fraction of 100 that is tied to a facility's physical size (*e.g.*, "the occupancy shall not exceed 25% of the listed fire code").

///

## V. ATTORNEY'S FEES AND COSTS

1. Nevada agrees to pay the Church reasonable attorney's fees and taxable and non-taxable costs for the work performed and costs incurred in this Court and the Ninth Circuit before the date of this Consent Decree.[1] If necessary State approvals from the Board of Examiners and/or the Legislature's Interim Finance Committee for any agreement on the amount of reasonable attorney fees and costs are not received by the end of business July 7, 2021, the Church shall file a fee and costs application with this Court by July 30, 2021. Both Nevada and the Church reserve the right to appeal this Court's disposition of such application.

2. Separate from the previous paragraph, if (a) the Church seeks judicial relief in enforcing this Consent Decree, and (b) the Church prevails in obtaining such relief or Nevada corrects its alleged violation in response to the Church's request for judicial relief, Nevada agrees that it will pay the reasonable attorney's fees and costs that the Church incurs in seeking such relief. If an agreement on the amount of reasonable attorney fees and costs cannot be reached, the Church shall file a fee and costs application with this Court within 30 days of the date that this Court grants relief or that Nevada corrects its alleged violation. Both Nevada and the Church reserve the right to appeal this Court's disposition of such application.

APPROVED and ORDERED May <u>13</u>, 2021.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

---

[1] The Church's application for attorney's fees and non-taxable costs incurred during Appeal No. 20-16169 is presently pending in the Ninth Circuit. *See* Cir. R. 39-1.6. The parties will seek to stay consideration of that application in accordance with the terms of this stipulated consent decree.

AGREED:

| For Calvary Chapel Dayton Valley: | For the Governor and Attorney General: |
|---|---|
| /s/ *Ryan J. Tucker* | /s/ *Craig A. Newby* |
| Ryan J. Tucker (AZ Bar 034382)* | Craig A. Newby |
| ALLIANCE DEFENDING FREEDOM | Deputy Solicitor General |
| 15100 N. 90th Street | STATE OF NEVADA |
| Scottsdale, AZ 85260 | OFFICE OF THE ATTORNEY GENERAL |
| Telephone: (480) 444-0020 | 555 E. Washington, Ave., Ste. 3900 |
| rtucker@adflegal.org | Las Vegas, NV 89101 |
|  | Telephone: (702) 486-3420 |
| *Admitted pro hac vice | cnewby@ag.nv.gov |

For Sheriff Hunewill:

/s/ *Brian R. Hardy*
Brian R. Hardy (NV Bar 10068)
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, NV 89145
Telephone: (702) 382-0711
bhardy@maclaw.com